**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11-cr-12-16 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| SHERTARRA CATRON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Shertarra Catron ("Catron") to seal the record in the above-captioned case. (Doc. No. 1376 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 1377 (Opposition).) For the reasons set forth herein, the motion is denied.

I.     **BACKGROUND**

On June 24, 2011, pursuant to the terms of a plea agreement, Catron pled guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. (Minutes of Proceedings [non-document], 6/24/2011; *see* Doc. No. 509 (Plea Agreement).) On September 2, 2011, the Court sentenced Catron to a custody term of 18 months, to be followed by 3 years of supervised release. (Doc. No. 570 (Judgment); Minutes of Proceedings [non-document], 9/2/2011.) Catron was released from federal custody on July 12, 2013. (*See* https://www.bop.gov/inmateloc//, last visited 10/29/2024.)

More than 13 years after she was sentenced, Catron filed the instant motion requesting the

Court seal her federal conviction because she has discovered that her past criminal activity is "impacting who [she is] today and [her] ability . . . to pursue [a] career as a nurse." (Doc. No. 1376-1, at 1.) She explains that, since her release from federal custody, she has "dedicated [herself] to personal growth and redemption." (*Id*.) She has participated in different programs, including healthcare-related educational programs, designed to "reshape her life." (*Id*.) She indicates that she is "committed to being a positive contributor to society and making amends for [her] past." (*Id*. at 2.) According to Catron, sealing her record would permit her to pursue her passion and save lives. (*Id*.)

Catron has appended to her motion records documenting the following: her 2019 marriage to Anthony Burrows, the medical courses she has completed since her release from prison, her acceptance into a healthcare-based educational program, and an offer letter she recently received for employment as a patient care assistant. (Doc. No. 1362-2 (Documentation).)

## II.    DISCUSSION

Federal courts are courts of limited jurisdiction and may not expand their jurisdictional authority beyond that which is granted to them by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (citations omitted). The party moving to expunge has the burden of establishing a federal court's jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 182–83, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

Certain statutes explicitly permit the sealing or expunging[1] of criminal records under

---

[1] For a federal district court, "'there is no distinction between sealing and expunging a criminal record.'" *United States v. Townsend*, 2:09-cr-118, 2014 WL 1884229, at *3 (S.D. Ohio May 9, 2014) (quoting *Cline v. United States*, 2:93-cr-94, 2009 WL 2475264, at *1 (S.D. Ohio Aug. 12, 2009)).

limited circumstances. *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). For instance, 18 U.S.C. § 3607(c) and 21 U.S.C. § 844a(j) grant courts the power to expunge convictions for certain violations of the Controlled Substances Act. *Id.* Other statutes, such as 34 U.S.C. § 12592 (formerly cited as 42 U.S.C. § 14132) and 10 U.S.C. § 1565(e), authorize the Director of the Federal Bureau of Investigation and the Secretary of Defense, respectively, to expunge certain DNA records. *Id.* None of these statutes apply to the instant case, and there is no federal statute that supplies district courts with the general authority to seal valid criminal convictions. *See United States v. Welch,* No. 1:05-cr-158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007).

The only other means by which this Court may entertain Catron's request to seal her record is under ancillary jurisdiction. Federal courts have "ancillary" jurisdiction over proceedings that are related to, but technically separate from, the original case over which the court had subject-matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014). Courts may assert ancillary jurisdiction over a proceeding if doing so serves one of two purposes. First, a court may exercise ancillary jurisdiction over two or more claims that are factually interdependent when doing so would permit disposition of those claims by a single court. *Kokkonen*, 511 U.S. at 379 (citations omitted). Second, exercising ancillary jurisdiction is appropriate if doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 380 (citations omitted). The power to expunge or seal a conviction may only be exercised if doing so would serve the second purpose. *United States v. Smith*, 1:05-cr-286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010). Unlike "supplemental" or "pendant" jurisdiction, which are dictated by 28 U.S.C. § 1367, ancillary jurisdiction is governed by case law. *Field*, 756 F.3d at 914.

A district court's ancillary expungement power is rarely exercised, and courts "have most

readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, 79 F.3d 1149 (Table), 1996 WL 107129, at *2 (6th Cir. Mar. 8, 1996).

In *Field*, the Sixth Circuit held that district courts may exercise ancillary jurisdiction over motions to expunge unconstitutional convictions, but not motions based on purely equitable considerations. *Field*, 756 F.3d at 916; *see, e.g., United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017). Thus, in order to expunge or seal a conviction under ancillary jurisdiction, the district court must find that (1) the motion raises a valid constitutional claim, and (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *Deer*, 249 F. Supp. 3d at 877 (citing *Field*, 756 F.3d at 916).

Catron has not raised a constitutional challenge to the Court's judgment. For that reason alone, the motion to seal must be denied. Furthermore, entertaining Catron's motion to seal a 13-year-old conviction would not serve the second purpose of ancillary jurisdiction identified in *Kokkonen*. Sealing a conviction years after the closing of the case does not manage this case, vindicate this Court's power, or help effectuate the Court's orders. *See Lucido*, 612 F.3d at 874–75 (finding that the court had no authority to expunge a conviction 16 years later because it would not serve the purposes of ancillary jurisdiction identified in *Kokkonen*). There is no reason this Court may now assert jurisdiction over Catron's motion more than 13 years after the entry of the final judgment in this case. Consequently, this Court does not have ancillary jurisdiction to entertain Catron's motion to seal her valid conviction. *See United States v. Flagg*, 178 F. Supp. 2d 903, 905 (S.D. Ohio 2001) ("The view among the federal courts is that records of valid arrests, indictments or convictions ordinarily may not be expunged." (collecting cases)).

4

While this Court commends Catron for the positive changes she has made in the years following her release from prison, and it is sympathetic to the difficulties that convicted felons often face in the workplace, these are equitable considerations that cannot invoke ancillary jurisdiction. *See Field*, 756 F.3d at 916; *see, e.g., United States v. Davis*, No. 1:11-cr-02, 2022 WL 2163838, at *2 (E.D. Tenn. May 18, 2022); *United States v. Tippie*, No. 3:-8-cr-288, 2013 WL 4782370, at *1 (N.D. Ohio Aug. 21, 2013). Her conviction was and remains valid, and the Court may not now invoke ancillary jurisdiction to entertain her motion. Therefore, because this Court lacks jurisdiction, Catron's motion must be denied.

### III.    CONCLUSION

For the foregoing reasons, Catron's motion to seal the record is denied.

**IT IS SO ORDERED**.

Dated: November 5, 2024

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**